IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IZEL MCNEIL,

    Plaintiff,

vs.

SHUTTERS 9-1-1, LLC, and
DAVID R. SUBLETT, Individually,

    Defendants.

Case No.:

**COMPLAINT UNDER FAIR LABOR STANDARDS ACT
AND DEMAND FOR JURY TRIAL**

Plaintiff, IZEL MCNEIL, ("MCNEIL" or "Plaintiff"), sues, Defendants, SHUTTERS 9-1-1, LLC ("Shutters911"), and DAVID R. SUBLETT, ("Mr. Sublett") (collectively "Defendants") and states:

**NATURE OF ACTION**

1. Plaintiff brings this action under the Fair Labor Standards Act of 1939, as amended, 29 U.S.C. § 201 et seq.("FLSA").

2. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action to recover unpaid overtime compensation.

3. Plaintiff also alleges Defendants violated the FLSA by shifting its business expenses to Plaintiff violation of 29 C.F.R. § 531.35. Thus, in overtime workweeks, Plaintiffs and the other shutter installers did not receive their wages "free and clear."

## PARTIES

4. At all material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida. MCNEIL was employed by Defendants as a shutter installer from August 11, 2022 until his separation on December 12, 2025.

5. Defendant SHUTTERS 9-1-1, LLC was and continues to be, a Florida Limited Liability Company, engaged in the transaction of business in Charlotte County, Florida, with its principal place of business located at 328 Tamiami Trail, Port Charlotte, Florida 33953.

6. Defendant, Mr. Sublett was, at all times material, the owner and manager of Shutters911. Upon information and belief, Mr. Sublett is a resident of Charlotte County, Florida.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

8. Defendants are engaged in the business of selling, installing and repairing a full line of hurricane protection products in Charlotte County, Florida. Defendants' business activities within this judicial district are substantial and not isolated.

9. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

### I. Enterprise Coverage

10. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

11. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that moved through interstate commerce, which were used directly in furtherance of Defendants' commercial activities.

12. At all times material, Defendants had gross sales volume of at least $500,000 annually.

13. At all times material, Defendant Shutters911 was and continues to be an "enterprise engaged in commerce" with the meaning of FLSA.

14. At all times material, the work performed by the Plaintiff was essential to the business conducted by Defendant Shutters911.

### II. Individual Liability – Defendant Sublett

15. At all times material hereto, Mr. Sublett was the Owner/Manager of Shutters911.

16. At all times material, Mr. Sublett regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of Defendant Shutters911.

17. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Shutters911, Mr. Sublett is an employer as defined by 29 U.S.C. § 201, et. seq.

## FACTS

18. Defendants sell, manufacture, and install hurricane protection products, including shutters. To accomplish its business purpose, Defendants employ installers a/k/a laborers.

19. In approximately August 2022, Defendants hired Plaintiff as a "shutter installer." Plaintiff was employed in that capacity through December 12, 2025.

20. The main duty of a shutter installer is to install the shutters according to the specifications, which includes these additional duties:

   a. Collect all tools and shutter materials needed for the job.

   b. Report to the job site with all tools and materials.

   c. Install the shutters and all component parts.

   d. Clean the job site.

21. Defendant does not track Plaintiff and the other installers' time working.

22. Defendant does loosely track time spent at each jobsite through an application called Housecall Pro. However, this application does not track all working time, including the time at the shop or drive time. Time tracking in this application is also not strictly enforced by Defendants, and often times not completed by the shutter installers.

23. Upon information and belief, in October 2025 following the filing of a similar case for unpaid overtime by another shutter installer, Defendants instructed staff to alter the Housecall Pro records to reflect less time spent at the jobsites.

24. On average, Plaintiff worked approximately eleven hours per day, five days per week, although there were many times when Plaintiff worked 15-17 hour days. Plaintiff reported to Defendants' shop at 6 AM (or earlier at times). On average, Plaintiff and the other installers would return to the shop at the end of the day around 5 PM, or later.

25. During his employment, Plaintiff regularly worked more than 40 hours per week.

26. Plaintiff was paid on a piece rate basis. Defendants published a "rate sheet" which stated the amount of pay attributable to specific types of work performed.

27. Although Plaintiff was required, permitted, or encouraged to work more than forty hours per week, he was not paid overtime.

28. Plaintiff was required to provide his own tools of the trade including but not limited to: power tools, including hammer drills, impact guns, skill saws, bits, batteries, and tool cases.

29. Defendants mandated that Plaintiff purchase and use these tools and materials without reimbursement, shifting its regular business expenses to Plaintiff and the other installers.

30. As a result, Plaintiff did not receive his wages "free and clear" in workweeks in which he worked more than 40 hours.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

31. Plaintiff realleges Paragraphs 1 through 30 as if fully stated herein.

32. Plaintiff worked more than forty (40) hours in one or more workweeks during his employment.

33. Defendants failed or refused to compensate Plaintiff overtime wages calculated at 1.5 times the regular rate for all hours worked.

34. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

35. Defendants also violated the FLSA by shifting its business expenses to Plaintiff, failing to reimburse for these expenses, and causing Plaintiff not to receive his wages "free and clear" in workweeks in which he worked more than 40 hours.

36. Defendants knew its policy and practice for Plaintiff's compensation violated the FLSA overtime provisions. Defendants also acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice. Despite the actual knowledge, Defendants failed to pay Plaintiff overtime compensation as required by the FLSA. And as further alleged above, in response to the other claim filed, Defendants have altered business records to cover up or reduce these violations.

37. Pursuant to 29 U.S.C. 216 (b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, IZEL MCNEIL, respectfully requests the following relief:

    a.    A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

    b.    Unpaid overtime compensation;

    c.    Reimbursement of expenses incurred in overtime workweeks;

    d.    Liquidated damages;

    e.    Attorney fees and costs pursuant to 29 U.S.C. § 216(b); and

    f.    Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: December 19, 2025

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017