**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

IZEL MCNEIL,

Plaintiff,

v. Case No. 2:25-cv-1192-KRH

SHUTTERS 9-1-1, LLC, and
DAVID R. SUBLETT,

Defendants.
______________________________/

# ORDER

This matter is before the Court on Plaintiff Izel McNeil and Defendants Shutters 9-1-1, LLC and David Sublett's Joint Motion to Approve Settlement of FLSA Claim and Joint Stipulation of Dismissal with Prejudice. (Doc. 26). The parties also filed a Joint Notice, which requested Court approval of their settlement agreement ("Agreement"). (Doc. 28).

To be clear, the undersigned believes parties can avoid settlement review by filing a Rule 41 dismissal. *Hay v. Wheat Durko & Richter, LLC*, No. 2:25-cv-1212-SPC-KRH, 2026 WL 2001202, at *1 (M.D. Fla. July 11, 2026). That issue is on appeal. *Adams v. Wal-Mart Assocs., Inc.*, No. 25-14002 (11th Cir.). While that issue works itself out though, I understand the parties' desire for finality over their dispute. So given the request and outstanding questions at the Eleventh Circuit, below is a brief *Lynn's Food* analysis.

When reviewing an FLSA settlement, "the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citations omitted). Courts often consider the following factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citation omitted).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Id.* All parties were represented by competent and experienced counsel throughout the case, and they agree that the Agreement represents a reasonable compromise. (Doc. 26 at 5). From the Court's necessarily limited vantage, it agrees.

Under the Agreement, McNeil will receive an initial payment of: (1) $6,750 for unpaid overtime wages; (2) $6,750 for liquidated damages; and (3) $9,000 for attorney's fees. (Doc. 26-1 at 4-5). McNeil will also receive an additional $22,500 paid in twelve monthly installments of $1,875. (Doc. 26-1 at 5). Finally, the amounts set aside for attorney's fees and costs were negotiated separately and without considering the amount paid to McNeil. (Doc. 26 at 7). This case resolved early in litigation, where both sides possess risk and expense in continuing the suit.

The Court finds there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement. On its face, the Agreement appears to be a fair, adequate, and reasonable resolution of a bona fide dispute between the parties. There do not appear to be any side deals or glaring provisions that offend the *Lynn's Food* progeny. And the Court takes counsel at their word, considering the representations made under Rule 11. So the Agreement is approved and the Motion granted in part.

The parties also ask that the Court retain jurisdiction to enforce the terms of their Agreement. (Doc. 26 at 1; Doc. 28 at 1-2). This request, however, is a bridge too far. There is no argument on why the Court should retain jurisdiction over enforcement. Nor does the Court see fit to do so. *E.g.*, *Eiland v. U.S. Walls, LLC*, No. 6:13-cv-1237-ORL-40GJK, 2015 WL 47837, at *5 (M.D. Fla. Feb. 4, 2015) ("Courts in this District . . . routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement."). So the Motion is denied in that regard.

**ORDERED:**

1. The Joint Motion to Approve Settlement of FLSA Claim and Joint Stipulation of Dismissal without Prejudice (Doc. 26) is **GRANTED and DENIED IN PART**.

2. The request for approval of settlement is **GRANTED** as the Court finds the agreement to be a fair and reasonable resolution of Plaintiff's bona fide FLSA claims.

3. The request that the Court retain jurisdiction to enforce the Agreement is **DENIED**.

4. This case is **DISMISSED with prejudice**.

5. The Clerk is **DIRECTED** to enter judgment, cancel all deadlines, and close this case.

In Fort Myers, Florida on July 24th, 2026.

Kevin R. Huguelet
United States Magistrate Judge